Grace K. **VANNOY**, Plaintiff-Appellee,

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Defendant-Appellant.**

**No. 71–1784.**

United States Court of Appeals,
Ninth Circuit.

May 30, 1972.

———◆———

B. E. Longo (argued), of Moulton, Bellingham, Longo & Mather, Billings, Mont., for defendant-appellant.

John Davidson (argued), Charles A. Bradley, of Kurth, Jones, Davidson, Calton & Bradley, P. C., Billings, Mont., for plaintiff-appellee.

Before HAMLIN, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

In a jury trial in the United States District Court for the District of Montana, appellee was awarded damages in the sum of $75,000.00 against appellant railroad company for injuries she received while a passenger on the railroad, which injuries aggravated her prior spinal condition.

In a motion for a new trial appellant alleged that the court had erred in giving instructions on "punitive and exemplary damages" and that the verdict was excessive because the jury had not followed the court's instructions in reference to nonliability "for pre-existing conditions or illnesses."

The district judge denied the motion, holding that the verdict was not excessive and that appellant's contention that the jury was influenced to increase their verdict for general damages by the instructions on punitive damages was speculation.[1] We affirm.

"The power of a court of appeal to review the granting or denying of a new trial for excessive or inadequate verdicts or on the ground the verdict is against the weight of the evidence, is not as broad as that of the trial court in granting or denying the motion for a new trial in the first instance." Simpson v. Union Oil Co. of California, 411 F.2d 897, 908 (9th Cir.), rev'd, on other grounds, 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1969). *See also* Southern Pacific Co. v. Guthrie, 186 F.2d 926, 932–933 (9th Cir.), cert. den., 341 U.S. 904, 71 S.Ct. 614, 95 L.Ed. 1343 (1951); Siebrand v. Gossnell, 234 F.2d 81, 94 (9th Cir. 1956). As stated in *Guthrie, supra,* 186 F.2d at page 933: "we can not here reverse the action of the trial court unless the verdict can be said to be 'grossly excessive' or . . . 'monstrous.'"

The district court held that there was sufficient evidence to justify the giving of the punitive damages instruction.

1. Three blank forms of verdict were given to the jury: (1) a verdict for the defendant; (2) A verdict for plaintiffs "with damages in the sum of $ . . . . . . " ; and (3) A verdict for plaintiff "with damages in the sum of $ . . . . . . . . . and punitive damages in the sum of $ . . . . . . . . . ."

The jury were instructed to select the form which reflected their verdict, fill it in, sign it, and return it. They used the form of verdict mentioned in (2) above.

Even assuming that the district court was in error in this regard, a point we need not reach, we hold that appellant was not prejudiced thereby [2] because the verdict in this case was neither "grossly excessive" nor "monstrous."

Judgment affirmed.

2. Appellant has also argued that it was prejudiced by the remarks of appellee's counsel regarding the non-taxable status of a general damage award. This contention lacks merit for two reasons. First, as pointed out above, the verdict was not excessive. Second, appellant raised no objection to these statements at trial or in his motion for new trial. He therefore cannot urge the objection for the first time on appeal. *See* United States v. Machado, 457 F.2d 1372 (9th Cir. 1972).