**William T. CULLINAN,
Plaintiff-Appellee,**

v.

**BURLINGTON NORTHERN, INC., a
Delaware Corporation,
Defendant-Appellant.**

**No. 74–1285.**

United States Court of Appeals,
Ninth Circuit.

Sept. 10, 1975.

---

Stephen H. Foster (argued), Billings, Mont., for defendant-appellant.

Patrick J. Foley (argued), Minneapolis, Minn., for plaintiff-appellee.

## OPINION

Before WRIGHT and CHOY, Circuit Judges, and PLUMMER,* Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from a directed verdict for the plaintiff on the issue of liability and a refused instruction on damages in an F.E.L.A. case. We affirm.

The plaintiff, William Cullinan, was an experienced member of a Burlington Northern wrecker crew which was sent in August of 1971 to clean up a railroad derailment site in Montana. The operation was under the control of a master mechanic who supervised the wrecker foreman. The wrecker crew consisted of four groundsmen, a large bulldozer and a crane mounted on a railway car, each with its own operator.

A major task of the crew was to return to the tracks a number of derailed gondola cars loaded with coal by overturning them with a cable pulled by the wrecker crane, righting them by the same method, and then by placing them back on their trucks and the track.

Two of the gondola cars lay to the east of the tracks, parallel to one another and several yards apart. The master mechanic, in accord with company rules, consulted with the foreman about a general plan of operation. They agreed to roll the gondola nearest the tracks eastward toward the second car in order to empty it. No agreement was made to place the cars in contact.

The car was rolled eastward. However, it came into contact with the second car and did not turn completely over. Wedged against the second car, the gondola canted at a thirty degree angle with its bottom upward. The wrecker foreman and plaintiff climbed onto the car to fix the cable for the roll in the opposite direction. They found that the cable from the wrecker had so much slack that the hook at its end would not remain in place in the eyelet used for rolling the car. The foreman signalled to have the cable lifted, then to stop, signalled again for the slack to be taken out and again to stop. Either when he signalled for the last stop or immediately thereafter the car began to rock and then rolled back on its side. Plaintiff was thrown off and injured. Although the parties disputed whether the crane operator stopped when told to do so, the witnesses agreed that the gondola car would not have moved without a taut cable and pressure from the crane.

* Senior District Judge of Alaska.

## I. DIRECTED VERDICT

The court directed the jury to find that the railroad had been negligent in failing to provide a safe place for the plaintiff to work and that the negligence had been the proximate cause of the injury, but the question of contributory negligence was allowed to go to the jury.

■ We have held that only in an "exceptional case will the plaintiff in an accident case be entitled to a directed verdict on his behalf." *Juhnke v. EIG Corp.*, 444 F.2d 1323, 1325 (9th Cir. 1971). A verdict can be directed where "without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict." *Brady v. Southern Railway*, 320 U.S. 476, 479–480, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). The trial judge is obliged to view the evidence in the light most favorable to the party moved against, even though contrary inferences might reasonably be drawn. *Case-Swayne Co. v. Sunkist Growers, Inc.*, 369 F.2d 449, 452 (9th Cir. 1966); Moore, Federal Practice, ¶ 50.02[1] at p. 2325.

■ Here the experienced trial judge found that there was uncontradicted evidence from defendant's witnesses that the railroad had been negligent in not providing plaintiff a safe place to work and that this had caused his injury. An examination of the record of trial supports his conclusion.

There was uncontradicted testimony from the master mechanic that a dangerous condition is created when a railroad car is rolled into contact with another. Testimony indicated that a car could be rolled any distance desired, yet the gondola in question was rolled into contact with a second. No special precautions were then taken to assure the safety of the plaintiff when he was ordered to climb onto the canted car. Although the master mechanic admitted that he was responsible for safety on the job site and that safety of the workmen was the paramount concern, he testified that he was too busy supervising other activities at the site to see if the foreman was acting in a safe manner. After the cars had been rolled into contact, he admitted that he walked by without examining the cars.

Thus there was uncontradicted evidence that the supervising employees created a dangerous condition by rolling the cars into contact and by failing to take steps to protect the plaintiff when he was ordered to perform work on top of the canted gondola.[1]

## II. JURY INSTRUCTION

■ The appellant also argues that the court erred in refusing to give its proffered instruction on damages:

Any award made to the plaintiff in this case, if any is made, is not income to the plaintiff within the meaning of the federal income tax law. Should you find that plaintiff is entitled to an award of damages, then you are to follow the other instructions the court gives you in measuring those damages, and in no event should you either add or subtract from that award on account of federal income tax.

Appellant does not argue that the award given by the jury in the absence of this instruction was in fact excessive, but only that the failure to give such an instruction raised the possibility that the jury would compensate for the supposed taxable nature of the award and increase it accordingly by several fold. In other circumstances we have declined to reverse because of erroneous instructions on damages where the award actually granted was not "grossly excessive" or "monstrous", *Vannoy v. Chicago, Burlington & Quincy R.R. Co.*, 462 F.2d 186 (9th Cir. 1972). Here the award given

---

1. It seems clear that the immediate cause of the accident was either the failure of the foreman timely to order the crane operator to stop tightening the line or the latter's tardiness in stopping the crane once he had been ordered to do so.

In either event the railroad is responsible for the plaintiff's resulting injuries.

was admittedly not excessive and there is no indication that the jury mistakenly raised its verdict to compensate for income tax liability. Absent a claim that the verdict granted was excessive, it would be improper to overturn the jury's verdict on the mere speculation of prejudice.

Affirmed.