**Dorothy R. McCORD,**
**Plaintiff–Appellee,**

v.

**John Patrick MAGUIRE,**
**Defendant–Appellant.**

Nos. 88–3627, 88–3628.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 1989.

Decided April 28, 1989.

---

William B. Crow, Margaret Fiorino and James N. Westwood, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for plaintiff-appellee.

Mildred J. Carmack and Janet Schroer, Schwabe, Williamson & Wyatt, Portland, Or., for defendant-appellant.

Before REINHARDT, KOZINSKI and TROTT, Circuit Judges.

KOZINSKI, Circuit Judge:

Dorothy R. McCord sued Dr. John Maguire for medical negligence. The court submitted eight specifications of negligence to the jury, which returned a general verdict in the amount of $1,856,648.39. Maguire appeals. He contends that four of the specifications of negligence submitted to the jury were unsupported by substantial evidence. As the general verdict may have rested on one or more of those four specifications, he claims that the jury verdict must be reversed.

### Facts [1]

On February 6, 1985, Maguire performed elective surgery to remove McCord's gallbladder. During the course of the surgery, Maguire performed an x-ray procedure called a cholangiogram to determine whether there were any stones in the common bile duct. In this procedure, dye is injected via a catheter into the common bile duct and x-ray pictures are taken. Maguire inserted the catheter in the wrong place, and thus was unable to obtain a useful x-ray. He retracted the catheter and injected 25 cc's of dye into the bile duct. Maguire then took a second x-ray, saw what he thought was a gallstone, and proceeded to surgically explore the duct. This surgical procedure is not routinely performed because it greatly increases the patient's risks. Maguire found no stones. Five days after the surgery McCord was discharged from the hospital.

A month later, on March 12, McCord was taken to the emergency room with abdominal pain and gastrointestinal bleeding; she was vomiting blood. Maguire's examination showed that McCord's common bile duct was completely obstructed and that there was hemobilia, or bleeding into the biliary passages. Although hemobilia may be treated by embolization, i.e., by injecting a substance which blocks the sources of bleeding into the blood stream, Maguire did not use this technique. Instead, he performed exploratory surgery three days later, on March 15.

The surgical exploration revealed that the bleeding into the bile duct had obstructed the hepatic artery, which supplies blood to the liver. Further exploration resulted in the destruction of the common bile duct, but also revealed that the source of the bleeding was a fistula or hole between the common bile duct and gastroduodenal artery. Maguire tied off the gastroduodenal artery to stop the bleeding, but was unable to reconstruct the common bile duct. Throughout the six-hour surgery, Maguire gave McCord Heparin, a blood-thinning medication which worsened her bleeding problem.

The next day McCord began bleeding profusely and was sent by helicopter to Portland Adventist Medical Center Hospital. When she arrived at the hospital, she was found to have adult respiratory distress syndrome, congestive heart failure and kidney failure; she also lacked a pathway for drainage of the bile to the small intestine, which is essential for life. Because of the obstruction of the hepatic

---

1. In determining whether there is substantial evidence that could support the jury's findings, we must view the evidence presented at trial from the perspective most favorable to McCord. *See Walker v. KFC Corp.,* 728 F.2d 1215, 1223 (9th Cir.1984). Federal law governs the determination of whether evidence is sufficient to support a jury verdict. *Browne v. McDonnell Douglas Corp.,* 698 F.2d 370, 372 (9th Cir.1982), *cert. denied,* 461 U.S. 930, 103 S.Ct. 2092, 77 L.Ed.2d 301 (1983).

blood supply (the blood supply to her liver), all of the left lobe and much of the right lobe of her liver were destroyed. McCord's life expectancy is now limited.

In her amended complaint, McCord claimed that Maguire "was careless and negligent in his treatment of plaintiff in failing to provide adequate or reasonable medical care and treatment to plaintiff," and asked for compensation for the damages sustained as a result of his negligence. *McCord v. Maguire*, No. 86–1638–PA (D.Or. Feb. 4, 1987) (Amended Complaint) at 5, 7. McCord supported her claim that Maguire failed "to use that degree of care, skill, and diligence which is used by ordinarily careful general surgeons in the same or similar circumstances in his or similar community" by alleging thirteen acts of negligence. *McCord v. Maguire*, No. 86–1638–PA (D.Or. Oct. 22, 1987) (Pretrial Order) at 8–9. During the trial, five of the thirteen specifications were withdrawn. The district court submitted the remaining eight specifications of negligence to the jury,[2] and explained that McCord had the burden of proving by a preponderance of the evidence that:

> the defendant was guilty of negligent practice in his care and treatment of Miss McCord in one or more of the particulars alleged; and in addition [she] must prove to your satisfaction by a preponderance of the evidence that such negligence, if any, was the cause of injuries and damage, if any, sustained by the plaintiff.

The jury found that Maguire had been negligent in one or more of the respects claimed by McCord, and that the negligence had injured or damaged her. *McCord v. Maguire*, No. 86–1638–PA (D.Or. Nov. 24, 1987) (verdict).

Maguire now claims that the evidence presented at trial was insufficient to support four of the specifications of negligence submitted to the jury: that Maguire negligently injected too much contrast dye during McCord's first surgery; that he was negligent in causing a fistula; that he negligently failed to treat the fistula with embolization; and that he negligently destroyed McCord's hepatic blood supply. Relying on cases holding that a general verdict cannot stand when one or more alternative theories of liability were improperly submitted to the jury, *see, e.g., Brocklesby v. United States*, 767 F.2d 1288, 1294 (9th Cir.1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 882, 88 L.Ed.2d 918 (1986), Maguire claims he is entitled to a new trial.

### Discussion

■ The cases cited by Maguire deal with a situation where the jury may have based its conclusions on a legal theory unsupported by substantial evidence.[3] However, this case involves a claim that one or more factual theories were unsupported by sufficient evidence. When a general verdict may have rested on factual allegations unsupported by substantial evidence, we

2. The court stated:
The plaintiffs charge the defendant, Dr. Maguire, with the following specifications of negligence:
First, in causing during his treatment of Mrs. McCord on February 6, 1985 a fistula to be created between the biliary tract and the vascular structure;
Second, failing to interpret properly the interoperative cholangiogram films that demonstrate an improper placement of the tip of the cholangiogram catheter;
Third, injected an abnormally high amount, 25 cc's, of contrast after pulling the catheter back while conducting the intraoperative cholangiogram;
Four, in interpreting the intraoperative cholangiogram as showing the filling defect, resulting in unnecessary exploration of the common duct;
Fifth, in failing to order angiogram tests at the time of the third hospitalization that

would have assisted in the diagnosis and treatment of her complication;
Six, in failing to treat the fistula between the biliary tract and the vascular structure with embolism rather than surgical techniques;
Seven, in destroying the common bile duct, Mrs. McCord's hepatic blood supply during the March 15, '86 surgery—I think that's '85, I believe, '85 surgery.
And administering—and eight, administering the drug, Heparin, to Mrs. McCord which was contraindicated and which increased her excessive bleeding.

3. For the rules dealing with multiple legal theories, *see generally Syufy Enterprises v. American Multicinema, Inc.*, 793 F.2d 990, 1001 (9th Cir. 1986), *cert. denied*, 479 U.S. 1031, 1034, 107 S.Ct. 876, 884, 93 L.Ed.2d 830 (1987); *Traver v. Meshriy*, 627 F.2d 934 (9th Cir.1980).

will uphold the verdict if the evidence is sufficient with respect to any of the allegations. *See, e.g., Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1373 (9th Cir.1987); *Bank of America Nat'l Trust & Savings Ass'n v. Hayden,* 231 F.2d 595, 602–03 (9th Cir.1956) (where the parties present alternative calculations of damages, and the appellant claims that there was insufficient evidence to support one of the calculations, we will uphold the award if there is sufficient evidence in the record as to any calculation).

 In this case, plaintiff made a single claim of medical negligence and advanced eight factual theories as possible bases for finding liability. Even if one or more of the alleged acts of negligence were unsubstantiated, we must uphold the general verdict so long as it was sufficiently supported by at least one negligent act. As it is undisputed that four of the alleged acts of negligence were supported by the evidence, the general verdict for the plaintiff must be upheld.

 Maguire nevertheless contends that the jury may have based its verdict solely on the four allegedly unsubstantiated factual theories. This is a legitimate concern. However, Maguire's failure to request a special verdict[4] as to each factual theory in the case prevents him from pressing this argument on appeal. While use of special verdicts pursuant to Federal Rule of Civil Procedure 49(a) remains within the discretion of the district court, litigants have the responsibility to request or submit special verdict forms. *See Landes Constr. Co.,* 833 F.2d at 1374. Litigants like Maguire who wish to challenge the sufficiency of the evidence as to some, but not all, specifications of negligence must present an appropriate record for review by asking the jury to make separate factual determinations as to each specification. Any other rule would unnecessarily jeopardize jury verdicts that are otherwise fully supported by the record on the mere theoretical possibility that the jury based its decision on unsupported specifications.

We will not allow litigants to play procedural brinkmanship with the jury system and take advantage of uncertainties they could well have avoided.

### Conclusion

 In reviewing the findings in this case, we must be "mindful of the deference due the verdict of a jury." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 668 F.2d 1014, 1026 (9th Cir. 1981), *cert. denied,* 459 U.S. 825, 103 S.Ct. 58, 74 L.Ed.2d 61 (1982). Our review of the record indicates that there is substantial evidence to support both the jury's finding of medical negligence and its award of damages. In the absence of a special verdict form, we are unable to conclude that the jury rested its decision on the four allegedly unsupported factual theories.

AFFIRMED.

---

**4.** *See* Fed.R.Civ.P. 49(a). Under this rule, a judge may require a jury to return written findings upon each issue of fact necessary to a verdict. The special verdict makes clear the

grounds on which the jury reached its conclusion and enables the court of appeals to review the sufficiency of the evidence supporting the jury's findings.