David SCHUDEL, Plaintiff,

and

Merlin E. Carlson, Jr., Plaintiff–Appellant,

v.

GENERAL ELECTRIC CO., a foreign corporation; Kaiser Aluminum Corporation, a foreign corporation, Defendants–Appellees.

Merlin E. Carlson, Jr., Plaintiff,

and

v.

General Electric Co.; Kaiser Aluminum Corporation, Defendants–Appellees.

No. 99–36089.

D.C. No. CV–92–00081–AAM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided May 10, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Merlin Carlson appeals from the judgment dismissing his claim for respiratory and neurological injuries allegedly caused by defendants' negligence.* Following trial before Judge Van Sickle, the jury returned a verdict for Carlson and his co-plaintiffs. The district court granted defendants' motion for JNOV with respect to Carlson's respiratory injuries; with respect to his neurological injuries, it vacated the verdict and granted a new trial on the ground that the verdict had been tainted by inadmissible evidence on the respiratory injuries. On appeal we held that, in the absence of a final judgment, we lacked appellate jurisdiction and remanded. *Schudel v. General Electric Co.*, 120 F.3d 991 (9th Cir.1997).

On remand, Judge McDonald let stand the JNOV with respect to Carlson's respiratory injuries. The court ordered Carlson to show cause only why the neurological injury component of his claim should not be dismissed if based on the same evidence found insufficient on the prior appeal. The court concluded that Carlson had no new evidence to offer. Because on co-plaintiff Deborah Guaragna–Williams'

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This disposition is limited to the *Carlson* appeal. The *Williams/Schudel* appeal is the subject of a separate Memorandum disposition.

(Williams) appeal we had held the same evidence offered at trial to be inadmissible under *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Daubert v. Merrell Dow Pharmaceuticals,* 43 F.3d 1311 (9th Cir.1995), the district court entered judgment against Carlson.

The JNOV **

Carlson contends that the judgment dismissing the respiratory injury component of his injuries was improper. As we observed on the prior appeal, Carlson alleged a single claim of negligence, not separate claims for neurological injury and respiratory injury. *Schudel,* 120 F.3d at 994. Under Rule 50(a)(1), the court "may grant a motion for judgment as a matter of law against [a] party with respect to a *claim* ...." FED. R. CIV. P. 50(a)(1) (emphasis added). The court lacks authority to grant judgment with respect to an issue when substantial evidence supports the claim. *McCord v. Maguire,* 873 F.2d 1271, 1273–74 (9th Cir.1989) ("When a general verdict may have rested on factual allegations unsupported by substantial evidence, we will uphold the verdict if the evidence is sufficient with respect to any of the allegations."). Thus, we must determine whether there is substantial evidence to support a verdict on either respiratory or neurological injury proximately caused by defendants' negligence.

Neurological injury

■ On the prior appeal we reviewed the sufficiency of the neurological causation testimony of Dr. William Morton, Dr. Daniel Goldstein and Dr. Paula Lantsberger in the context of defendants' appeal from the jury verdict in favor of Carlson's co-plaintiff Williams. We found that none of the testimony passed muster under *Daubert. Schudel,* 120 F.3d at 996–97. Dr. Morton's and Dr. Goldstein's testimony lacked the requisite reliability. Dr. Lantsberger's testimony lacked relevance, because she testified only to a possibility, not a probability, of consequential brain damage to Williams.

As a general rule, we will not reconsider questions that another panel has decided on a prior appeal in the same case. *Disimone v. Browner,* 121 F.3d 1262, 1266 (9th Cir.1997). All plaintiffs relied on the same expert testimony. The lack of reliability of Dr. Morton's and Dr. Goldstein's testimony therefore undermines Carlson's case as it did Williams'. With respect to Dr. Lantsberger, the record discloses that her testimony respecting Carlson was equally lacking in relevance. She testified that "I believe it was the chemicals that [Carlson] was exposed to causing him problems," that his "brain injuries are related to his exposure," and that "I believe that [his personality change] is associated with his exposure." Because this testimony proves at most a possibility (not a probability) of consequential injury, we conclude that there is no substantial neurological symptom causation evidence.

Respiratory Injury

■ Judge Van Sickle granted defendants' post-trial Rule 50 motion, holding that a reasonable jury could not have found for Carlson on the respiratory (non-neurological) component of his claim. On appeal, we did not address the sufficiency of the expert testimony relating to this component. On remand, Judge McDonald treated Judge Van Sickle's order as remaining in effect. Having found no evidence supporting the neurological component, he directed entry of judgment for

---

** Rule 50 was amended in 1991, changing the terminology from JNOV to judgment as a matter of law.

defendants on Carlson's entire claim. Given this procedural posture, we must determine whether Judge Van Sickle correctly set aside the jury verdict, finding that no reasonable jury could have concluded that defendants proximately caused Carlson's respiratory injury.***

Judge Van Sickle correctly found that Carlson did not demonstrate at trial that defendants caused his injuries. Because his injuries involved obscure medical factors and laypeople could not determine the injuries' cause without resorting to speculation or conjecture, expert testimony was required to establish causation. *Bruns v. PACCAR, Inc.*, 77 Wash.App. 201, 890 P.2d 469, 477 (1995). For the reasons stated above, Drs. Morton's and Goldstein's causation testimony was unreliable and therefore inadmissible under *Daubert.* Dr. Lantsberger did not exhibit the requisite certainty in her causation testimony. Under established Washington precedent, medical testimony must show that the act complained of more probably than not caused the injury. *O'Donoghue v. Riggs,* 73 Wash.2d 814, 440 P.2d 823, 830 (1968). An expert may phrase her opinion about causation in a variety of ways-such as "high probability," "reasonable scientific certainty," or "firmly concluded"-but she must provide the jury with "the required level of legal certainty." *Bruns,* 890 P.2d at 477. Dr. Lantsberger testified only that exposure to the work site was "the joining factor of all the physical problems" and that she "believe[d] [the symptoms] are associated with the exposure." Because these articulations fall short of the requisite level of certainty (i.e., more probable than not), we must affirm the judgment against Carlson.

*** Defendants have not raised an issue concerning the admissibility of evidence on the

The judgment is affirmed.

AFFIRMED.

respiratory injury received at the trial.