Susan M. MAXWELL, Plaintiff–
Cross Appellant,

v.

ANGEL–ETTS OF CALIFORNIA, INC.
(now known as ACI International,
Inc.), Defendant–Appellant,

and

Woolworth Corporation, Pamida,
Inc., and F.W. Woolworth
Co., Defendants.

Susan M. Maxwell, Plaintiff–
Cross Appellant,

v.

Angel–Etts of California, Inc. (now
known as ACI International, Inc.),
Defendant–Appellant,

and

Woolworth Corporation, Pamida,
Inc., and F.W. Woolworth
Co., Defendants.

Nos. 01–1601, 01–1647, 02–
1198 and 02–1219.

United States Court of Appeals,
Federal Circuit.

Decided Dec. 13, 2002.

As Amended on Limited Grant
of Rehearing Jan. 2, 2003.

Before BRYSON, LINN, and PROST, Circuit Judges.

LINN, Circuit Judge.

Two appeals are addressed in this opinion. Both appeals stem from a patent infringement suit involving U.S. Patent No. 4,624,060 ("the '060 patent") brought by Susan M. Maxwell ("Maxwell") against Angel-etts of California, now known as ACI International, Inc. ("ACI"). In the first appeal, ACI seeks review of an order of the United States District Court for the Central District of California denying ACI's motion for judgment as a matter of law or, in the alternative for a new trial ("JMOL motion") and entering judgment against ACI. *Maxwell v. Angel-Etts of Cal.*, No. 99–10516 (C.D.Cal. July 9, 2001) ("*Order*"). Specifically, ACI argues that there was no legally sufficient evidence to support the jury's verdict with respect to the extent of infringement of the '060 patent, the willfulness of infringement, and the award of additional damages, and that the district court's award of enhanced damages under 35 U.S.C. § 284 was an abuse of discretion. Maxwell cross-appeals, seeking reversal of the district court's order granting ACI's motion for partial summary judgment of non-infringement with respect to a type of shoe known as the "A-line slipper." *Maxwell v. Angel-Etts of Cal.*, No. 99–10516 (C.D.Cal. May 15, 2000) ("*Summary Judgment Order*"). For the reasons below, we *affirm* both the district court's decision denying ACI's JMOL motion and entering judgment against ACI, as well the grant of partial summary judgment of non-infringement as to the A-line slippers.

In the second appeal, ACI seeks review of a final order of the district court awarding Maxwell attorney fees in the amount of $594,461.08. *Maxwell v. Angel-etts of Cal.*, No. 99–10516 (C.D.Cal. Dec. 13, 2001) ("*Fee Order*"). Specifically, ACI contends that this was not an exceptional case warranting attorney fees, and further, that the amount of attorney fees awarded was unreasonably high, and thus represented an abuse of discretion. In addition, ACI requests reversal of the denial of ACI's motion to retax costs provided in the *Fee Order* because ACI argues that the deposition costs were not apportioned between

ACI and codefendants in a related action. On cross-appeal, Maxwell agrees with ACI that the attorney fees were unreasonable; however, Maxwell argues that the 50% reduction in fees was arbitrary and the attorney fee award was too low. Moreover, Maxwell seeks to reverse the district court's rejection of her request for non-taxable costs because the district court's reasoning was not in accordance with law. We *vacate* the attorney fee award and *remand* the issue for reconsideration of the evidence submitted in support of the fee application in light of questions raised on the record before us. We *reverse and remand* on the issue of non-taxable costs because our decision in *Central Soya v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 220 USPQ 490 (Fed.Cir.1983), makes clear that such costs are recoverable. Finally, we *affirm* the district court's denial of ACI's motion to retax costs.

## BACKGROUND

Because of the protracted nature of this case, the underlying facts are naturally complex. The parties are no doubt familiar with these facts, which are presented at *Summary Judgment Order*, pp. 1–4, *Order*, pp. 1–7, and *Fee Order*, pp. 1–4. Thus, only a summary of the facts germane to the analysis is presented below.

Maxwell originally filed suit in 1995 against Woolworth Corporation; Pamida, Inc.; and ACI in the United States District Court for the District of Minnesota, alleging infringement of the '060 patent. In 1999, that district court severed Maxwell's claim against ACI for lack of personal jurisdiction, and the claim was transferred to the United States District Court for the Central District of California.

In April 2000, ACI filed a motion for partial summary judgment which was granted-in-part and denied-in-part by the *Summary Judgment Order*. In particu-lar, the district court found that the attachment system sewn into the seam of the inner and outer soles of the A-line slippers does not fall within the scope of the '060 patent and granted summary judgment of non-infringement to that effect. *See Summary Judgment Order* at 13.

In April 2001, a jury trial was commenced. Following the trial, the jury returned a verdict in favor of Maxwell and filed a Special Verdict in which it answered questions of fact presented for decision. In relevant part, the Special Verdict reported the jury's findings that (1) ACI sold 431,375 pairs of infringing shoes in the relevant time period; (2) ACI induced infringement as to 253,348 pairs of infringing shoes in the relevant time period; (3) damages should be assessed in the amount of 6 cents per pair of shoes for a reasonable royalty and 15 cents per pair of shoes for additional damages; and (4) ACI's infringement was willful. *See Order* at 4–5. ACI then filed its JMOL motion and Maxwell filed a motion for attorney fees, among other things. The district court denied ACI's JMOL motion and granted-in-part Maxwell's motion for attorney fees. *See Order* at 66.

At the conclusion of the case, the clerk of the district court issued a bill of costs in the amount of $19,483.09. Maxwell then filed a motion in support of the amount of award of attorney fees, seeking $1,188,922.18 in attorney fees and non-taxable costs, and ACI filed a motion to retax the costs as determined by the clerk. The district court, in its *Fee Order*, denied Maxwell's request for non-taxable costs to the extent those costs are not listed in 28 U.S.C. § 1920, reduced Maxwell's requested attorney fees by 50%, and denied ACI's motion to retax costs. *See Fee Order* at 20.

The parties, as discussed above, appeal various aspects of the *Summary Judgment Order, Order*, and *Fee Order* to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### I. Standard of Review

Many of the issues on appeal have their bases in the jury's Special Verdict form. We review a jury's resolution of factual issues for substantial evidence. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975, 34 USPQ2d 1321, 1326 (Fed. Cir.1995) (*en banc*). A factual finding is supported by "substantial evidence" if a reasonable jury could have found in favor of the prevailing party in light of the evidence presented at trial. *See Tec Air, Inc. v. Denso Mfg.*, 192 F.3d 1353, 1358, 52 USPQ2d 1294, 1296 (Fed.Cir.1999). Given the large number of issues on appeal, the specific standards of review for the individual issues are not set out in this section, but are included individually in the separate sections discussing each issue.

### II. ACI's JMOL motion

We review a district court's denial of a motion for judgment as a matter of law de novo, reapplying the standard applicable at the district court. *See Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1354, 55 USPQ2d 1927, 1930 (Fed.Cir.2000). Judgment as a matter of law against a party is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue ..." Fed.R.Civ.P. 50(a)(1); *see also Gilbrook v. City of Westminster*, 177 F.3d 839, 864 (9th Cir.1999).

ACI argues that there was no legally sufficient evidence to support: (1) the jury's verdict that ACI sold 431,375 pairs of infringing shoes and that ACI induced retailers to sell 253,348 pairs of infringing shoes, other than a summary from an inadmissible "expert report" by Maxwell; (2) the jury's finding of willfulness; and (3) the award of additional damages of 15 cents per pair of shoes in addition to the reasonable royalty amount of 6 cents per pair of shoes.

In particular, ACI takes issue with the fact that the jury determined that the total number of infringing shoes was 684,723 pairs, which is exactly the number of infringing pairs of shoes shown in Maxwell's summary page of her expert report for 1989 and 1990. ACI argues that the district court did not qualify Maxwell as an expert under the *Daubert* standard, and that her methodology in determining the number of infringing shoes was flawed because she relied on sales receipts rather than invoices and admitted to including many pairs of shoes that may not infringe (for example, because the invoice read "do not tie"). While we agree that Maxwell's determination of the number of infringing pairs of shoes raises a number of questions, especially with regard to her reliance on overall sales figures rather than individual invoices, we note that many of these questions are the result of ACI's own practices which, suspect or not, caused the destruction of much of the evidence it claims would support its position. Despite the questions Maxwell's calculations present, the fact remains that Maxwell testified at length about her methodology and was subject to extensive cross-examination. She was permitted to testify, not as an expert, but as a lay witness, and her calculations, as reflected in the summary page, were properly presented to the jury for whatever conclusions the jury might draw in light of her testimony and cross-examination. We find no abuse of discretion in the district court's submission

to the jury of her testimony and summary exhibit.

Maxwell offered evidence that over a period of more than four years ACI sold approximately 1.2 million pairs of shoes that used the infringing device. In order to overturn the jury's verdict, ACI must show that a reasonable jury could not have found that, of those 1.2 million pairs of shoes, at least 684,723 pairs used the infringing system. ACI seeks to satisfy its burden through a two-pronged argument. First, ACI contends that because the number of shoes the jury found to infringe corresponds exactly to Maxwell's accused sales from 1989 and 1990, the jury must have concluded that there was no infringement after 1990. Second, ACI argues that Maxwell improperly included in her total "hundreds of thousands of shoes which did not infringe her patent," and that the number of infringing sales from 1989 and 1990 therefore could not have totaled 684,723 pairs.

■ Neither of ACI's arguments is persuasive. ACI invites us first to conclude that the jury must have limited its finding of infringement to 1989 and 1990 and then to hold, under that theory, that the evidence does not support the scope of infringement found by the jury. The fact that the number of shoes found to infringe is equal to the number of infringing shoes on Maxwell's summary for 1989 and 1990, however, has no legal significance. A reviewing court must uphold a jury verdict if the evidence is sufficient with respect to any reasonable evidentiary theory; the fact that one possible evidentiary theory is unsupported by substantial evidence does not justify overturning the verdict. *See McCord v. Maguire,* 873 F.2d 1271, 1273–74 (9th Cir.1989). Thus, even if it succeeded in showing that there were fewer than 684,723 pairs of infringing shoes sold in 1989 and 1990, ACI would not have demon-

strated the evidence to be legally insufficient. ACI must instead establish that the evidence for the entire period of asserted infringement would not have enabled a reasonable jury to reach the verdict at issue in this case.

As to the number of infringing shoes, ACI has called our attention to only 208,500 pairs of shoes that it asserts were improperly included in Maxwell's total. Even subtracting that number of shoes from Maxwell's total of 1.2 million infringing pairs still leaves a number well in excess of the number found by the jury. Moreover, among those 1.2 million pairs of shoes are more than 770,000 pairs of pumps and skimmers, which are the styles found on several purchase orders that ACI has conceded to constitute evidence of infringement and the styles that the evidence showed to be most likely to use the infringing system. ACI has therefore not persuaded us that the record lacks substantial evidence from which a reasonable jury could have concluded that ACI sold 684,723 pairs of shoes that used the infringing system.

■ With respect to willfulness, ACI argues that the finding was erroneously based on sales prior to 1990 and contends that there was no evidence that ACI knew of the '060 patent prior to 1990. Maxwell argues that ACI was placed on notice of the patent in an April 1987 letter. The letter unambiguously states that "[t]he loop fastening system which has been used as an attaching system on shoes at Target is now a patented fastening system." Moreover, an attachment to the letter both illustrates the loop fastening system and identifies the patent by number. The letter and attachment serve as ample notice of infringement, and the jury's finding that ACI continued to sell infringing shoes after receiving that letter, is legally sufficient to support the jury's determination of

willfulness. *See Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1415–16, 40 USPQ2d 1065, 1071 (Fed.Cir. 1996) (finding willfulness where no notice was received from the patent holder, but infringer's patent attorney saw reference to a patent in the Official Gazette). ACI's other main argument, claiming that the jury instruction regarding willfulness was erroneous and prejudicial because it focused on ACI's failure to produce an opinion of counsel, is not persuasive, given this court's clear precedent. *See, e.g., L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126, 25 USPQ2d 1913, 1919 (Fed.Cir.1993) (asserting privilege or otherwise failing to produce an opinion of counsel may support adverse inferences with respect to willfulness).

Finally, with respect to the jury's finding of 15 cents per pair of shoes in additional damages, ACI contends that Maxwell failed to present evidence of the actual commercial consequences of ACI's infringement and also failed to present evidence concerning the *Georgia–Pacific* factors. Maxwell did, however, submit evidence related to the *Georgia–Pacific* factors, including evidence of licensing, advantages, consumer preferences, and other information. On this record, we cannot say that the jury's determination of additional damages was not supported by substantial evidence. Thus, we have no basis to overturn the jury's additional damage award.

Finally, ACI's JMOL motion requested, in the alternative, a new trial. "The denial of a motion for a new trial is a procedural issue not unique to patent law which we review under the law of the regional circuit where the appeal from the district court normally would lie." *EMI Group N. Am., Inc. v. Cypress Semiconductor Corp.*, 268 F.3d 1342, 1347, 60 USPQ2d 1423, 1427 (Fed.Cir.2001). In the Ninth Circuit, a district court's order denying a motion for a new trial is reviewed for abuse of discretion. *See Magnussen v. YAK, Inc.*, 73 F.3d 245, 246 (9th Cir.1996). ACI's arguments in support of its motion for a new trial are essentially the same as those stated above with respect to its motion for judgment as a matter of law. For the reasons already expressed, we see no basis to conclude that the district court abused its discretion in denying ACI's motion for new trial.

We therefore *affirm* the district court's denial of ACI's JMOL motion and of ACI's motion for new trial.

### III. Enhanced Damages Award

We review an award of enhanced damages under an abuse of discretion standard. *See Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1193, 37 USPQ2d 1685, 1690 (Fed.Cir.1996). Under this standard, we affirm the district court's decision unless it is "clearly unreasonable, arbitrary or fanciful, or based on an erroneous conclusion of law or fact." *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1346, 56 USPQ2d 1641, 1646 (Fed.Cir.2000). To assist the district court in making a reasoned decision about enhanced damages, this court laid out nine factors to consider in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826–27, 23 USPQ2d 1426, 1435–36 (Fed. Cir.1992).

ACI argues that the district court abused its discretion because the district court, in applying the *Read* factors, relied on arguments not supported by the record and failed to consider the totality of the circumstances. The district court, however, analyzed the *Read* factors in considerable detail and based its conclusions on the jury's factual findings and evidence in the record. The district court's order, in fact, points to the record at length. *See Order*

at 36–59. We do not find an abuse of discretion and thus *affirm* the district court's award of enhanced damages.

## IV. Summary Judgment of Non–Infringement

We review a district court's grant of summary judgment de novo, reapplying the standard applicable at the district court. *See Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1301, 50 USPQ2d 1429, 1434 (Fed.Cir.1999) (citing *Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994)). Summary judgment is only appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We draw all reasonable inferences in favor of the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A determination of infringement requires a two-step analysis. "First, the court determines the scope and meaning of the patent claims asserted ... [and secondly,] the properly construed claims are compared to the allegedly infringing device." *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454, 46 USPQ2d 1169, 1172 (Fed.Cir.1998) (*en banc*) (citations omitted). Step one, claim construction, is an issue of law, *Markman*, 52 F.3d at 970–71, 34 USPQ2d at 1322 (Fed.Cir.1995), that we review de novo, *Cybor*, 138 F.3d at 1456, 46 USPQ2d at 1172. Step two, comparison of the claim to the accused device, requires a determination that every claim limitation or its equivalent be found in the accused device. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). Those determinations are questions of fact. *Bai v. L & L Wings Inc.*, 160 F.3d 1350,

1353, 48 USPQ2d 1674, 1676 (Fed.Cir. 1998).

■ Maxwell argues that ACI's A-line slippers infringe the '060 patent, despite our holding in *Maxwell v. J. Baker*, 86 F.3d 1098, 39 USPQ2d 1001 (Fed.Cir. 1996), limiting the scope of those claims. Our recent holding in *Johnson & Johnston Associates, Inc. v. R.E. Service Co., Inc.*, 285 F.3d 1046, 62 USPQ2d 1225 (Fed.Cir. 2002), reaffirmed the proposition stated in *J. Baker* that access to the doctrine of equivalents is foreclosed for subject matter disclosed in a patent application but not claimed. 285 F.3d at 1054–55. The '060 patent discloses, but does not claim, an alternative construction in which the fastening tabs "may be stitched into a lining seam of the shoes at the sides or back of the shoe." '060 patent, col. 2, lines 42–43. In *J. Baker*, this court held, as a matter of law, that the "counter pocket" and "top line" systems did not infringe under the doctrine of equivalents. In the instant case, the district court found no genuine issue of material fact that the fastening tabs in the A-line slippers are "sewn directly into the lining seam of the slipper as opposed to being sewn *between the inner and outer soles.*" *Summary Judgment Order* at 12 (emphasis in original). The district court therefore concluded that the A-line "attachment system clearly falls within the ambit of the alternative which the *J. Baker* court found was 'dedicated to the public.'" *Id.* (quoting *J. Baker*, 86 F.3d at 1108). Just as the "counter pocket" and "top line" systems were held not to infringe as a matter of law in *J. Baker*, we conclude that the district court did not err in holding that the A-line slipper fastening system falls under the alternative construction disclosed but not claimed in the '060 patent. Thus, the A-line slipper does not infringe as a matter of law. For this reason, we *affirm* the district court's

grant of summary judgment of non-infringement as to the A-line slippers.

## V. Attorney Fees

"The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under § 285 is ... a factual determination reviewed for clear error." *Cybor*, 138 F.3d at 1460, 46 USPQ2d at 1178 (citation omitted). The subsequent determination of whether attorney fees are appropriate is reviewed for an abuse of discretion. *Id.*

■ ACI argues that this is not an exceptional case, because the determination of the exceptional nature of the case was based entirely on the determination of willfulness, which ACI also contests. *See supra* at II. As we stated above, there are no grounds on which to overturn the jury's determination of willfulness. Moreover, a finding of willful infringement is a sufficient basis for classifying a case as exceptional for the purpose of awarding attorney fees. *See, e.g., Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 38 USPQ2d 1288 (Fed.Cir.1996). Because there is sufficient evidence to support the determination of willfulness, and an exceptional case determination may be made on the basis of willfulness, it was well within the district court's discretion to determine this case to be exceptional under 35 U.S.C. § 285.

ACI and Maxwell agree that the district court abused its discretion in determining the amount of the attorney fee award. They differ on the effect of that error. ACI contends the district court did not cut enough; Maxwell contends that the district court cut too much. ACI argues that merely dividing Maxwell's fee request in half without consideration or explanation and not taking into account duplicative work and double-billing renders the fee award unreasonably high. Maxwell argues that the district court's reduction of

the attorney fee application by 50%, without more detailed explanation, is arbitrary and an abuse of discretion. Maxwell also argues that the fee analysis conducted by the district court includes numerous erroneous factual findings.

In determining an appropriate award of attorney fees, a court may use the hybrid lodestar approach. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under this approach, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *See id.* This lodestar figure may then be increased or decreased based on a variety of factors, such as skill and time required, novelty of the questions involved, fixed or contingent fee basis, results obtained, and/or relationship between attorney and client. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The district court must articulate reasons for any changes made to the number of hours spent or to the lodestar. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992). In cases where the fee application is complex, the district court is not required to do a line-by-line analysis, but may make across-the-board cuts, so long as its sets forth a concise reason for its cuts. *Id.* at 1399–1400.

■ In this case, the district court explained its decision in a well-reasoned twenty page order that, among other things, set forth reasons why the requested attorney fee amount should be reduced. *See Fee Order.* The district court, *inter alia*, cited the reasonableness of attorneys' hourly rates in the relevant locales, the excessive time spent on certain matters, the amount of fees sought in relation to the compensatory award received, and the existence of a longstanding relationship between Maxwell and her attorneys. Thus, we find that the district court set forth

concise–and adequately comprehensive–reasons to support a reduction in the fee award sought by Maxwell. The fact that the ultimate reduction did not fit a line-by-line mathematical formulation does not render the district court's award arbitrary or unreasonable.

We are troubled, however, by the factual record underlying the fee award, as we find the exhibits supporting the fee application to be confusing and potentially misleading. In particular, Exhibit A to Maxwell's fee application supports the district court's findings that Maxwell incurred $942,980.46 in attorney fees prior to transfer of the case from Minnesota to California and $140,330.00 after the transfer but is seemingly inconsistent with Exhibits B, B–2, and E. Maxwell argues that the figures in Exhibit A are not correct and that a much larger portion of the fee expense was incurred after the transfer from Minnesota to California. She contends that approximately $250,000 in fees were incurred pre-transfer and approximately $870,000 post-transfer. Maxwell's counsel conceded at oral argument that the exhibits may have been misleading but contended that exhibits B, B–2, and E were correct and supported Maxwell's arguments for a higher fee award. Because we cannot determine from the record how the district court reconciled these exhibits, we *vacate and remand* the attorney fee award to the district court with instructions to reconsider Exhibit A in view of Exhibits B, B–2, and E and to either reaffirm or modify its previous award based on its findings gleaned from those exhibits and any other parts of the record relevant thereto.

## VI. Non-taxable Costs

As noted above, the amount of attorney fees awarded is reviewed for an abuse of discretion. Maxwell argues that the district court abused its discretion by failing to include in the fee award $114,409.90 in expenses that were not recoverable under 28 U.S.C. § 1920. This, Maxwell argues, is based on the district court's erroneous conclusion of law that 35 U.S.C. § 285 did not permit expenses beyond those enumerated in § 1920. We agree.

■ In *Central Soya*, we explicitly interpreted "attorney fees" under § 285 to "include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit," and awarded expenses in addition to attorney fees. 723 F.2d at 1578, 220 USPQ at 493. The district court's failure to consider an award of these expenses as part of Maxwell's attorney fee award under § 285 is contrary to law. Thus, we *reverse* the district court's conclusion that these expenses may not be recoverable and *remand* for the district court's review of submitted expenses and supplementation of its award under § 285 to the extent that it deems proper to account for the expenses incurred by Maxwell in connection with this suit.

## VII. Costs

We apply the law of the regional circuit in reviewing purely procedural issues not pertaining to patent law. *See, e.g., Electro Scientific Indus., Inc. v. Gen. Scanning Inc.*, 247 F.3d 1341, 1349, 58 USPQ2D 1498, 1503 (Fed.Cir.2001). In the Ninth Circuit, the award of costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920 is reviewed for abuse of discretion. *See Sea Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir.2001).

ACI argues that the district court abused its discretion by failing to apportion costs of certain depositions among ACI and its co-defendants, Pamida and Woolworth, in the Minnesota action and also to reduce the costs for days that ACI

did not attend the depositions. The district court found that ACI's claims were insufficient to overcome a presumption that costs are to be awarded to a prevailing party and that the record failed to establish that the costs awarded are inappropriate. The case law cited by ACI is not on point, nor do the cited cases cabin the district court's discretion to award costs. As such, we find no abuse of discretion. The district court's denial of ACI's motion to retax costs is *affirmed.*

## CONCLUSION

Because we find that there was legally sufficient evidence to support the jury's verdict with respect to the extent of infringement of the '060 patent, the willfulness of infringement, and the award of additional damages, and that the district court's award of enhanced damages was not an abuse of discretion, we *affirm* the district court's denial of ACI's JMOL motion and motion for new trial. We also *affirm* the district court's grant of summary judgment of non-infringement as to the A-line slippers as correct as a matter of law.

We *affirm* the district court's finding that this was an exceptional case for the award of attorney fees; however, we *vacate and remand* the fee award itself for the district court's reconsideration of the underlying factual record supporting the fee application. Based on our decision in *Central Soya,* we *reverse* the district court's decision to omit non-taxable costs from Maxwell's fee award under § 285 and *remand* for a determination of expenses to be awarded. Finally, for the reasons above, we *affirm* the district court's denial of ACI's motion to retax costs.

AFFIRMED–IN–PART, REVERSED–IN–PART, VACATED–IN–PART, AND REMANDED

### Costs

No costs.