**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EQUATE MEDIA, INC., a Nevada corporation; BUDGET VAN LINES, INC., a New York corporation; QUOTE RUNNER, LLC, a Wyoming limited liability company; HOME EXPERT, INC., a Nevada corporation,

Plaintiffs-Appellants,

v.

DISHA VIRENDRABHAI SUTHAR; VARUNKUMAR SUTHAR; PRIME MARKETING, LLC, a Nevada limited liability company,

Defendants-Appellees,

and

DOES, 1 through 10,

Defendant.

No. 22-55681

D.C. No.
2:21-cv-00314-RGK-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted September 14, 2023
Pasadena, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.

Equate Media, Inc., Budget Van Lines, Inc., Quote Runner, LLC, and Home Expert, Inc. (collectively, the Katz companies) appeal from the district court's order granting judgment as a matter of law to the defendants, Disha Virendrabhai Suthar, Varunkumar Suthar, and Prime Marketing, LLC, on the Katz companies' claims for misappropriation of trade secrets and breach of contract. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand with instructions to reinstate the jury's verdict.

We review de novo the district court's grant of judgment as a matter of law. *Dees v. County of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). "In ruling on a motion [for judgment as a matter of law], the court is not to make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the nonmoving party." *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001).

1. The district court held that the Katz companies "failed to clearly identify a trade secret, eliminating any legally sufficient basis for a reasonable jury to have found that any Plaintiff owned a particular trade secret." But the Katz companies presented sufficient evidence to permit the jury to conclude that they possessed trade secrets in Google ad data. The Google ad data shows the "keywords"—the search terms near which companies pay to place their ads—that the Katz

companies bid on over the years. The Google ad data also includes "conversion rates" that summarize, for any given keyword, how many users who click on a Katz advertisement ultimately buy Katz services, as well as "quality scores" that reflect Google's assessment of how relevant a particular keyword is to users. The record shows that the public can discern the keywords on which a company has bid but that the quality scores and conversion rates are not publicly discernible. The quality scores and conversion rates are therefore examples of a "formula" or "compilation" that "[d]erives independent economic value . . . from not being generally known." Cal. Civ. Code § 3426.1(d)(1); 18 U.S.C. § 1839(3); *see United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016) (explaining that "a trade secret may consist of a compilation of data, public sources or a combination of proprietary and public sources").

Weighing the evidence and drawing all inferences in the light most favorable to the Katz companies, a reasonable jury could have found that the companies possessed trade secrets in Google ad data. Although the defendants also challenge the validity of the Katz companies' other putative trade secrets, they did not seek a special verdict or otherwise ask the jury to apportion damages among the various trade-secret theories. *See McCord v. Maguire*, 873 F.2d 1271, 1273–74 (9th Cir. 1989) (where a general verdict encompasses multiple factual theories, "we will uphold the verdict if the evidence is sufficient with respect to any of the

allegations"). And the evidence of damages the Katz companies suffered was not tied to each trade-secret theory separately, but to the alleged trade-secret violations generally. We therefore need not decide whether the Katz companies' other putative trade secrets were valid.

2. The defendants urge us to affirm the district court's entry of judgment on the alternative ground that the evidence of damages was insufficient as to both the trade-secret misappropriation and breach-of-contract claims. We decline to do so.

The evidence presented at trial was sufficient to allow a reasonable jury to conclude that the defendants caused damage to the Katz companies by misappropriating Google ad data and breaching their employment contracts. Testimony at trial made clear that the four companies functioned as an ensemble: The companies routed leads between one another, relied on the same software, and shared employees. Although other evidence suggested that there were differences in the companies' operations, a reasonable jury could nevertheless conclude that the defendants caused damage to all four Katz companies.

"Once injury has been proven, the fact that damages are not susceptible to precise measurement does not preclude recovery." *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006 (9th Cir. 1981). Instead, "when it clearly appears that a party has suffered damage a liberal rule should be applied in allowing a . . . jury to determine the amount, and that, given proof of damage,

4

uncertainty as to the exact amount is no reason for denying all recovery." *California Lettuce Growers v. Union Sugar Co.*, 289 P.2d 785, 793 (Cal. 1955); *see also Los Angeles Mem'l Coliseum Comm'n v. NFL*, 791 F.2d 1356, 1360 (9th Cir. 1986). In reviewing the apportionment of damages among various parties, courts consider whether "there is any evidence which under any reasonable view supports the jury's apportionment." *Rosh v. Cave Imaging Sys., Inc.*, 32 Cal. Rptr. 2d 136, 140 (Ct. App. 1994) (citation omitted); *cf. Pfeifer v. John Crane, Inc.*, 164 Cal. Rptr. 3d 112, 124 (Ct. App. 2013) ("[C]ourts rarely disturb the jury's apportionment of fault."). Although the Katz companies did not provide a precise breakdown of the damages caused by each defendant to each plaintiff, the evidence gave the jury a sufficient basis for assessing the fault attributable to each defendant and inferring that each plaintiff suffered approximately equal harm from the misappropriation of its trade secrets. The jury also had a sufficient basis for its breach of contract awards, which appear to award Budget Van Lines the amount of money it paid to Disha and Varunkumar Suthar while they were working for both Budget Van Lines and Prime Marketing.

On remand, the district court is instructed to reinstate the jury's verdict.

Costs shall be taxed against appellees.

**REVERSED and REMANDED.**

5